UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

WILTANEX NOEL,

    Plaintiff,

vs.

KATZNER'S DELITERRANEAN CAFE, LLC,
a Limited Liability Company, and
ALAN ADAMS, an Individual,

    Defendants.
_____/

## **COMPLAINT**

COMES NOW Plaintiff, WILTANEX NOEL, by and through her undersigned counsel, and sues the Defendants, KATZNER'S DELITERRANEAN CAFE, LLC (hereinafter, referred to as "KATZNER'S"), and ALAN ADAMS, individually, (hereinafter, collectively referred to as "Defendants") and allege as follows:

1. That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.. The gravamen of this case is that the Plaintiff was retaliated against for pursuing his rights under the FLSA in violation of Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 215(a)(3) ("anti-retaliation provision"), 28 U.S.C §§ 1331 and 1367, and 42 U.S.C. §2000e-5(f)(3).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

1

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district, and whether 'employers' or not under the FLSA, are still subject to the anti-retaliation provision of the FLSA. "The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage.'" Obregon v. Jep Family Enterprises, Inc., 710 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010); see Wirtz v. Ross Packaging Co., 367 F.2d 549, 550–51 (5th Cir.1966) (the "unambiguous language of the statute refutes the district court's view that either the employee or his employer must be engaged in activities covered by the [FLSA's] wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.").

6. That at all times material hereto, Defendant, ALAN ADAMS individually, acted directly in the interests of his employer, the Defendant, KATZNER'S, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, KATZNER'S.

7. Plaintiff was hired as a cook/dishwasher in April of 2017.

8. Plaintiff was not being properly paid for his hours worked, including overtime, which he was working 10 hours of per week.

9. Plaintiff was not aware that he was being shorted on overtime premiums until October of 2019, when his paystub showed zero hours despite him working 7 straight days.

10. Plaintiff went to the Defendants and complained that he was not being paid, which is illegal.

11. In response, he was provided a personal check from ALAN ADAMS for $400.00 that when he went to cash, it bounced.

12. Plaintiff then confronted ALAN ADAMS on this failure to pay him on October 25, 2019, wherein ALAN ADAMS responded by firing him and demanding he leave the store immediately.

13. Plaintiff did not do anything to justify termination other than simply complaining about the illegal pay practices.

## COUNT I
## FLSA OVERTIME-KATZNER'S

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 above.

14. Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

15. By reason of the intentional, willful and unlawful acts of the Defendant, KATZNER'S, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, KATZNER'S, for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA OVERTIME-ADAMS

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 above.

16. Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

17. By reason of the intentional, willful and unlawful acts of the Defendant, ALAN ADAMS, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, ALAN ADAMS, for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## FLSA RETALIATION-KATZNER'S

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 of this Complaint.

18. The Defendant, KATZNER'S's termination of the Plaintiff was directly in retaliation for his complaints of FLSA violations.

19. The Defendant, KATZNER'S's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, WILTANEX NOEL, demands judgment against the Defendant, KATZNER'S, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT IV
## FLSA RETALIATION-ALAN ADAMS

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 of this Complaint.

20. The Defendant, ALAN ADAMS's termination of the Plaintiff was directly in retaliation for his complaints of FLSA violations.

21. The Defendant, ALAN ADAMS's conduct constitutes unlawful retaliation under the

FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, WILTANEX NOEL, demands judgment against the Defendant, ALAN ADAMS, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, WILTANEX NOEL, demands trial by jury.

Dated: February 25, 2020.              Respectfully submitted,

>
> Law Offices of Levy & Levy, P.A.
> 1000 Sawgrass Corporate Parkway
> Suite 588
> Sunrise, Florida  33323
> Telephone: (954) 763-5722
> Facsimile: (954) 763-5723
> Email: chad@levylevylaw.com
> Service Email: assistant@levylevylaw.com
> *Counsel for Plaintiff*
>
> */s/ Chad Levy*
> CHAD E. LEVY, ESQ.
> F.B.N.: 0851701
> DAVID M. COZAD, ESQ.
> F.B.N.: 333920